UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GREAT AMERICAN ASSURANCE | § | |
| COMPANY, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-09-3196 |
| | § | |
| WATERHILL COMPANIES LIMITED, | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

Pending before the Court in this insurance dispute is Defendant Waterhill Companies Limited's ("Waterhill") Opposed Motion for Permissive Abstention and Dismissal [Doc. # 10] ("Motion"). Plaintiff Great American Assurance Company ("GAA") filed a response [Doc. # 12]. At the initial pretrial conference in this case, the Court hear oral argument from the parties and requested additional briefing, and the parties have complied.[1] Upon review of the parties' submissions, all pertinent matters of record, and applicable legal authorities, the Court concludes that Waterhill's Motion should be **denied.**

---

[1]     GAA filed a Brief on the Issue of Whether Joining a Non-Diverse Third-Party Would Destroy Diversity and Deprive the Court of Subject-Matter Jurisdiction [Doc. # 17]. Waterhill filed a Brief and Response to Great American's Brief Regarding Joinder of Non-Diverse Defendants [Doc. # 18]. GAA replied to Waterhill's Response [Doc. # 19].

## I.    FACTUAL BACKGROUND

GAA, an Ohio insurer, filed this declaratory judgment action against Waterhill, its Texas-based insured, on October 2, 2009.  GAA brings this diversity suit pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, and Chapter 37 of the Texas Civil Practice and Remedies Code, seeking declarations of non-liability, and other declarations, with regard to insurance claims filed by Waterhill after its properties were damaged by a devastating storm, Hurricane Ike, in September 2008, and several incidents of vandalism.  Approximately two months after GAA filed this suit, on November 30, 2009, Waterhill filed a state court action against GAA, the third-party claim administrator, and the adjuster seeking recovery under the Texas Insurance Code, TEX. INS. CODE § 541.001 *et seq.* & TEX. INS. CODE § 542.051 *et seq*., and, by incorporation, the Texas Deceptive Trade Practices and Consumer Protection Act, TEX. BUS. & COM. CODE § 17.46 *et seq.*  Waterhill also brought claims for breach of contract, fraud, and breach of the duty of good faith and fair dealing. Waterhill's claims in the state court action arise from the identical insurance claims that are the subject of the instant declaratory action.  Waterhill now moves for permissive abstention under the doctrine announced in *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491 (1942).

## II.   ANALYSIS

The Declaratory Judgment Act "is an enabling act, which confers discretion on the courts rather than an absolute right on a litigant." *Sherwin-Williams Co. v. Holmes County*, 343 F.3d 383, 389 (5th Cir. 2003) (citations omitted).   "The Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Id.*   "In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *Id.*

In deciding whether to dismiss a declaratory judgment action, courts follow a three-step process:   "A federal district court must determine: (1) whether the declaratory action is justiciable; (2) whether the court has the authority to grant declaratory relief; and (3) whether to exercise its discretion to decide or dismiss the action." *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891 (5th Cir. 2000).

### A.   Justiciability

A declaratory judgment action is justiciable if "a substantial controversy of sufficient immediacy and reality exists between parties having adverse legal interests." *Venator Group Specialty, Inc. v. Matthew/Muniot Family, L.L.C.*, 322 F.3d 835, 838 (5th Cir. 2003).   The parties here do not dispute that this declaratory action is

justiciable.  The Court agrees that the substantial and immediate controversy between the parties over coverage and claims-handling in this insurance dispute presents a justiciable issue.

### B.  <u>Authority</u>

Similarly, the parties do not dispute that the Court has authority to decide the declaratory judgment action.  The Fifth Circuit has held that "a district court does not have authority to consider the merits of a declaratory judgment action when (1) the declaratory defendant previously filed a cause of action in state court; (2) the state case involved the same issues as those in the federal court; and (3) the district court is prohibited from enjoining the state proceedings."  *Sherwin-Williams Co.*, 343 F.3d at 388 (citing *Travelers Ins. Co. v. Louisiana Farm Bureau Fed'n, Inc.*, 996 F.2d 774, 776 (5th Cir. 1993)).  Because Waterhill's state court suit was filed approximately two months after, not before, the instant declaratory judgment action, the Court has authority to grant declaratory relief.  The Court, therefore, proceeds to the third and final step of the analysis—how to exercise its discretion, that is, should the Court decide or dismiss this action.

### C.  <u>Discretion to Decide or Dismiss Declaratory Action</u>

The fundamental question in deciding how the Court should exercise its discretion is "whether the questions in controversy between the parties to the federal

suit . . . can better be settled in the proceeding pending in state court." *Brillhart*, 316

U.S. at 495.  In *St. Paul Insurance Co. v. Trejo*, 39 F.3d 585 (5th Cir. 1994), the Fifth

Circuit identified seven non-exclusive factors for a federal court to consider when

deciding whether to dismiss a declaratory judgment action.  These *Trejo* factors are:

> (1)    whether there is a pending state action in which all of the matters
>        in controversy may be fully litigated;

> (2)    whether the plaintiff filed suit in anticipation of a lawsuit filed by
>        the defendant;

> (3)    whether the plaintiff engaged in forum shopping in bringing the
>        suit;

> (4)    whether possible inequities in allowing the declaratory plaintiff to
>        gain precedence in time or to change forums exist;

> (5)    whether the federal court is a convenient forum for the parties and
>        witnesses;

> (6)    whether retaining the lawsuit would serve the purposes of judicial
>        economy; and

> (7)    whether the federal court is being called on to construe a state
>        judicial decree involving the same parties and entered by the court
>        before whom the parallel state suit between the same parties is
>        pending.

*Id.* at 590-91; *see also Sherwin-Williams*, 343 F.3d at 388.  In *Sherwin-Williams*, the

Fifth Circuit noted that the *Trejo* factors address three concerns, federalism,

fairness/improper forum shopping, and efficiency.  *Sherwin-Williams*, 343 F.3d at

390-91.

### 1.    <u>Federalism</u>

The first and seventh *Trejo* factors involve questions of federalism, that is, "the proper allocation of decision-making between state and federal courts." *Id.* at 390. As noted, the parties are involved in a pending related state action. The state case involves more claims and parties than the federal case, although the viability of certain of the additional claims is in serious doubt.[2] As to the core disputes between GAA and Waterhill, the claims are identical. In the instant federal case, GAA seeks declarations of non-liability, and certain other declarations, relating to insurance claims filed by Waterhill. Waterhill filed counterclaims, raising contractual and extra-contractual causes of action, based on the same insurance claims. All those claims are the subject of Waterhill's state action against GAA. The declarations GAA seeks in this federal action are defenses to claims now asserted against it in the state action. It appears, therefore, that there is a pending state court action in which all matters in controversy could be fully litigated. Further, this federal declaratory judgment action raises issues solely of state law. These circumstances tend to favor abstention.

---

[2]    GAA argues that the state court proceeding is not truly "parallel" to this proceeding because the state court involves two additional plaintiffs and two additional defendants. The additional plaintiffs in the state court proceeding are Jason Felt and Jonathon Wasserburg, owners of Waterhill. The additional defendants in that action are Guardian Group, Inc., a third-party claims administrator, and Rick Hanson, an adjuster. Felt, Wasserburg and Hanson are all residents of Texas. Guardian Group, Inc. is a foreign corporation.

On the other hand, the state court has not made any determinations in this matter, and this Court is not required to interpret any state court decrees. Moreover, this case does not involve novel issues, and the Court is fully capable of applying Texas law to the claims at bar. It is also noted that the presence of a related state court proceeding does not "automatically require a district court to dismiss a federal declaratory judgment action." *Id.* at 394. Nor should a court dismiss a declaratory judgment action simply because it involves a question of state law. *Trejo*, 39 F.3d at 591 n.10.

Accordingly, though the *Trejo* federalism factors weigh slightly in favor of dismissal, their weight is "not great." *See Great Lakes Dredge & Dock Co., LLC v. Larrisquitu*, 2007 WL 2330187, at *11 (S.D. Tex. Aug. 15, 2007) (Rosenthal, J.) (noting that "[t]he parallel exercise of state and federal power is inherent in our government of dual sovereignty") (quoting *Newby v. Enron Corp.*, 302 F.3d 295, 303 (5th Cir. 2002)).

## 2.    Fairness/Improper Forum Shopping

The second, third, and fourth *Trejo* factors address fairness concerns—whether the plaintiff is using the declaratory judgment process to gain access to a federal forum on improper or unfair grounds.[3] *Sherwin-Williams*, 343 F.3d at 391.  Waterhill argues that this declaratory judgment action is plainly a "forum shopping spree" designed to usurp a state court of its jurisdiction, and that this is a classic case of one party beating the other in a race to the courthouse.[4]  Waterhill also contends, in apparent reference to the individual adjuster defendant in the state action, Rick Hanson, a resident of Texas, that GAA is trying to manufacture diversity where it does not exist by failing to join necessary, non-diverse parties in this action.  GAA counters that it did not file this suit in anticipation of litigation, but did so "because it was

---

[3]    Those factors are:

> (2)  whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant;
>
> (3)  whether the plaintiff engaged in forum shopping in bringing the suit;
>
> (4)   whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist.

*Trejo*, 39 F.3d at 590-91.

[4]    Defendant's Opposed Motion for Permissive Abstention and Dismissal [Doc. # 10], at 5-6.

completely unable to secure Waterhill's cooperation in the underlying claims and desired a final resolution of apparently abandoned claims."[5]

In *Sherwin-Williams*, the Fifth Circuit cautioned that the *Trejo* fairness factors cannot be applied literally.  *Id.* at 392.  "Merely filing a declaratory judgment action in a federal court with jurisdiction to hear it, in anticipation of state court litigation is not in itself improper."  *Id.* at 391.  "A proper purpose of § 2201(a) is to allow potential defendants to resolve a dispute without waiting to be sued or until the statute of limitations has expired."  *Id.* at 397 (citing *Texas Employers' Ins. Assoc. v. Jackson*, 862 F.2d 491, 505 (5th Cir. 1988)).  Moreover, "more than one venue may be proper, requiring the plaintiff to select a forum."  *Id.* at 393.  Thus, in determining whether the plaintiff used the Declaratory Judgment Act to gain access to a federal forum on improper or unfair grounds, courts look to factors such as whether the plaintiff has engaged in "procedural fencing," *i.e.*, filing the declaratory action before the other party is legally able to bring a state action, or is seeking to change the law that would apply to the matter.  *Id.* at 397-99.  Courts also consider whether the declaratory action plaintiff sued only diverse defendants, but the underlying state court action is not removable because it contains proper, non-diverse parties.  *Id.* at 397 n.1.

---

[5]    Plaintiff/Counter-Defendant's Response to the Motion for Permissive Abstention and Dismissal Filed by Defendant/Counter-Plaintiff [Doc. # 12] ("Plaintiff's Response"), at 6-7; Plaintiff's Original Complaint [Doc. # 1], ¶ 18.

The Court cannot conclude that GAA's filing of this suit was anything other than a "reasonable assertion of its rights under the declaratory judgment statute and diversity jurisdiction." *See id.* at 398 (quoting *Gov't Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 (9th Cir.1998)).   GAA asserts, and Waterhill does not deny, that Waterhill failed to respond to GAA's document requests and request for an examination under oath about the claims Waterhill filed.   GAA thereafter informed Waterhill it was closing its file in this matter.   Waterhill could have filed suit at any point, but did not.   GAA waited for more than six months after it closed the file before commencing this suit.   Waterhill provides no support for its allegation that GAA raced to the courthouse or went on a "forum shopping spree."   There is no evidence that GAA engaged in procedural fencing or a "race to *res judicata.*"   *See id.* at 399. Further, there is no evidence that GAA sought to change the applicable law by filing this declaratory judgment action.   It is undisputed that Texas law will apply to this dispute regardless of whether it proceeds in state or federal court.

Waterhill's state court action includes a non-diverse defendant, the claims adjuster, and thus appears non-removable.   However, given the absence of any indication that GAA engaged in an improper race to the courthouse, this circumstance does not demonstrate that the Court's retention of this action would be unfair to

Waterhill.[6]  The *Trejo* fairness factors weigh heavily in favor of the Court's retention of this suit.

### 3.    Efficiency

The fifth and sixth *Trejo* factors consider efficiency.  *Id.* at 400.  The fifth factor, whether the federal forum is convenient for the parties and witnesses,  favors retention of the suit, not abstention.  There is no indication that this Court provides a less convenient forum for resolution of the parties' dispute than the state court.  Both the federal and state courthouses are in Harris County, the location of Waterhill's insured property that forms the subject matter of this suit.

Nor does the sixth factor, whether retaining the case would serve the purposes of judicial economy, favor dismissal.  Waterhill argues that the presence of additional defendants in the state court suit militates towards dismissal because a "full resolution of claims will require litigation on two fronts," and thus raise the perils of duplicative litigation and potential for inconsistent results.[7]  As an initial matter, Waterhill created any potential inefficiencies here by waiting to file suit approximately six months after

---

[6]     The two additional defendants Waterhill named in the state case are addressed below. Waterhill also included as plaintiffs in the state suit two owners, Felt and Wasserburg, who are Texas residents.  Waterhill, however, cites no meaningful factual basis or legal authority for its owners' claims; they are neither insureds under the policy nor listed as third-party beneficiaries.

[7]     *See* Defendant's Opposed Motion for Permissive Abstention and Dismissal [Doc. # 10], at 6.

GAA announced it was closing its file on the claims at issue, and waiting an additional two months after GAA filed the instant declaratory judgment action.  Moreover, if Waterhill wishes to pursue its claims against the additional defendants in the state court suit, including the non-diverse defendant, it may join those state-court defendants as third-party defendants in this case.  *See State Nat'l Ins. Co. v. Yates*, 391 F.3d 577, 578 (5th Cir.  2004) (holding there was supplemental jurisdiction in a diversity case over a defendant insured's third-party claim against a non-diverse insurance agent in a declaratory judgment action brought by the insurer).        Finally, while there is a related state court suit pending, the state court has not yet decided any issues.  This Court provides a proper forum to resolve all of the matters in controversy between the parties.  To the extent that any additional judicial economy concerns exist, they are a result of Waterhill's creation by belatedly filing a related state court suit.  On these facts, the Court holds that it would be inequitable to charge GAA with responsibility for these concerns or to reward Waterhill for its dilatory conduct throughout the parties' dealings on this dispute.  The *Trejo* efficiency factors do not favor dismissal on abstention grounds.

III.  **CONCLUSION**

The Fifth Circuit does not require a "mathematical" or mechanical weighing of the forgoing, non-exclusive *Trejo* factors.  *Trejo*, 39 F.3d at 589 (citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983)).  Considering federalism, fairness, improper forum shopping, and efficiency of litigation of the parties' disputes, the Court exercises its discretion to decide the case rather than abstain and dismiss it.  Accordingly, it is

**ORDERED** that Defendant's Motion for Permissive Abstention and Dismissal [Doc. # 10] is **DENIED.**

SIGNED at Houston, Texas, this 4th day of **February, 2010**.

Nancy F. Atlas
United States District Judge